

# Fourth Court of Appeals
## San Antonio, Texas

January 26, 2017

No. 04-16-00168-CV

**LABORDE PROPERTIES, L.P.** and Laborde Management, LLC,
Appellants

v.

**U.S. SHALE ENERGY II, LLC**, and Raymond B. Roush,
Ruthie Roush Dodge, and David E. Roush,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 16-02-00049-CVK
Honorable Russell Wilson, Judge Presiding

## O R D E R

Sitting:     Sandee Bryan Marion, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

        The court's opinion in this appeal issued on October 12, 2016. Thereafter, appellees filed a motion for rehearing and a motion for en banc reconsideration. The court denied the motion for rehearing and the motion for en banc reconsideration. Two justices dissented to the denial of the motion for en banc reconsideration without first requesting a response. A third justice also dissented, issuing a written opinion disagreeing with the substance of the October 12, 2016 opinion. Both the order denying the motions and the dissenting opinion issued on December 28, 2016. On January 12, 2017, appellees filed a document entitled "Motion for Reconsideration of Denial of En Banc Rehearing." This motion, which in essence reiterates the substance contained in the previously denied motion for rehearing and motion for en banc reconsideration, asks the court to reconsider our denial of the prior motion for en banc reconsideration.

        As a procedural basis for this motion, appellees cite Rule 41.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 41.2. Rule 41.2 is the general rule governing en banc

decisions. It describes the constitution of an en banc court, sets out procedures for when a majority of an en banc court cannot agree, and states en banc reconsideration is disfavored. *See id.* R. 41.2. The rule does not provide for reconsideration of a previously denied motion for en banc reconsideration. The filing of a further motion for rehearing is governed by Rule 49.5. That rule states that after a motion for rehearing is decided, a further motion for rehearing may be filed if the court: (1) modifies its judgment; (2) vacates its judgment and renders a new judgment; or (3) issues a different opinion. *Id.* R. 49.5. Here, this court neither modified its original judgment, vacated its judgment and rendered a new one, nor did it issue a different majority opinion. *See id.* Appellees have not cited, nor have we found, any authority that would permit a party to file a motion to reconsider the denial of a motion for en banc reconsideration. Accordingly, we **DENY** appellees' motion for reconsideration of our prior order denying the motion for en banc reconsideration.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of January, 2017.

_____
Keith E. Hottle
Clerk of Court